UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 AUG 20 PM 1:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 2 0 1998

ALICE WILSON,  }
    }
    Plaintiff,  }
    }
vs.    } CIVIL ACTION NO.
    }
    } CV-97-AR-0934-S
GLENN ENTERPRISES, INC.,  }
    }
    Defendant.  }

## MEMORANDUM OPINION

The above-entitled action is before the court on a motion for summary judgment filed by defendant, Glenn Enterprises, Inc. ("GEI"). Plaintiff, Alice Wilson ("Wilson"), alleges that GEI violated the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") by refusing to hire her on account of her gender. For the reasons set out more fully below, the court finds that genuine issues of material fact remain in dispute, and accordingly GEI's motion for summary judgment is due to be denied.

### I. *Pertinent Undisputed Facts*

GEI is a textile concern. Wilson began working for GEI at its Sulligent, Alabama facility (the "Sulligent facility") on or around November 6, 1995. *Exh. 1 to Def.'s Exh. C.* When she began working for GEI, she held the position of "belter." Along with all other belters at the Sulligent facility, Wilson was laid off from her job in or around February 1996. *Def.'s Exh. B* at ¶

5; *Def.'s Exh. C* at 52.

On April 17, 1996, in response to local newspaper advertisements by GEI, Wilson applied to be a presser at GEI's Detroit facility. *Def.'s Exh. A at 53.* At that time, GEI turned down her application, informing her that it had no openings for pressers at the Detroit facility. *Def.'s Exh. B* at ¶ 14. Wilson did not attempt to apply again for a presser position at GEI.

On or about July 9, 1996, Wilson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her EEOC charge, Wilson alleged that GEI refused to hire her as a presser at its Detroit facility because she is female. This lawsuit followed.

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994). GEI has invoked Rule 56.

2

**III. *Discussion***

As noted above, Wilson alleges that she experienced disparate treatment with respect to hiring opportunities at GEI. More specifically, Wilson contends that, when she applied to be a presser at GEI's Detroit facility on April 17, 1996, she failed to receive the position because she is female. In response, GEI argues, *inter alia*, that Wilson cannot make out a prima facie case.

The Supreme Court of the United States first articulated the prima facie case for disparate treatment in employment settings in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). The Court later refined this standard in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981). Over the years, courts have adapted the *McDonnell Douglas-Burdine* model to analyze varying types of employment discrimination claims. For example, in order to make out a prima facie case for disparate treatment in hiring, an employee must demonstrate: (1) that she is a member of a class protected by Title VII; (2) that she applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite her qualifications, she failed to receive that job; and (4) that, after her rejection, the position remained open and the employer continued to seek applicants. *Johnson v. Gen. Tire & Rubber Co.*, 652 F.2d 574, 576-77 (5th Cir. 1981) (citing *McDonnell Douglas*,

411 U.S. at 802, 93 S.Ct. at 1824).[1] If Wilson establishes a prima facie case for disparate treatment in hiring, then the burden of production shifts to GEI to establish evidence of a legitimate, nondiscriminatory reason that explains why it took the employment action that it did. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1375 (11th Cir. 1996). Finally, if GEI meets this burden, then the burden shifts to Wilson to show that the reason given by the company is, in fact, a pretext for gender discrimination. *Id.*

In the instant case, the court initially recognizes that Wilson meets the first and third elements of the prima facie case, because Wilson is a woman (a member of a protected class) and she did not receive the job she sought. However, the second and fourth elements of the standard remain in dispute, because it is unclear whether GEI was seeking applications for pressing jobs at the time Wilson applied or immediately thereafter. Despite persistent phone calls to GEI in the weeks after she was laid off, Wilson was repeatedly informed that no presser jobs were available. Yet, the record indicates that as many as 16 individuals, all men, were hired at GEI's two Alabama facilities during the months of March and April, both before and after Wilson's application. GEI advertised the availability of such

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

positions in local newspapers, and several individuals were hired as pressers only days before, again on the same day, and again a few days after Wilson's application. Taken together, and viewed in the light most favorable to Wilson, the non-moving party, these facts lead the court to conclude that Wilson has satisfactorily established a prima facie case, and the court finds that a reasonable jury could, if it found Wilson's evidence credible, conclude that GEI was indeed seeking applications for the job of "presser" at the time Wilson applied on April 17, 1996.

However, Wilson's prima facie case suffices only to shift the burden of production to GEI, requiring the company to present evidence of a legitimate, nondiscriminatory reason for not hiring her. GEI essentially argues that when Wilson applied at the Detroit facility, it had recently hired and committed to train three new pressers and would therefore be unable to hire any more pressers until those three had completed training. According to GEI, its policy, strange as it may sound, is to hire applicants on the spot, at the time of application, and no application forms are retained on file by the company after the day of application. Thus, GEI could not offer Wilson a job for a later date of employment, nor could it keep her application under consideration until such time as an opening arose. GEI's purported policy would have required Wilson to reapply on a day (everyday?) when

5

it decided to resume hiring. Wilson did not subsequently reapply, and so she was not hired, say GEI.

GEI is correct to point out that "Federal Courts do not sit to second-guess the business judgment of employers." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997), *cert. denied, Combs v. Meadowcraft Co.*, 118 S.Ct. 685, 66 U.S.L.W. 3171, 66 U.S.L.W. 3448, 66 U.S.L.W. 3455 (U.S. 1998). GEI is not required to persuade the court that its hiring practices reflect sound business judgment. If true, GEI's articulated reasons for not hiring Wilson were legitimate and non-discriminatory, and so GEI has satisfied its burden of production to rebut Wilson's prima facie case. Therefore, Wilson again carries a heavy burden, requiring her to prove that the stated reasons are merely pretext for GEI's discriminatory intent.

This court believes that the record contains both direct evidence and considerable circumstantial evidence to suggest that GEI's hiring practices are actually discriminatory based on sex. Wilson consequently satisfies her burden. Wilson has presented affidavits by Ricky Reed and Toni Ogden, both of whom claim to have been informed by persons with ostensible authority that GEI would not hire women for the job of presser. *Pl.'s Exh. E* at ¶ 3; *Pl.'s Exh. F* at ¶ 3. Indeed, GEI has not employed any women pressers throughout the entire 1990's, although it employs nearly 1100 women in other jobs. *Pl.'s Exh. B* at 23. Of more than 200

6

applicants for the job since 1992, only a handful have been women, *Pl.'s Exh. G*, despite the fact that pressers earn more money than other GEI employees, *Pl.'s Exh. B* at 29, and despite the fact that, as GEI admits, press machines do not require any special skills which would give men an inherent advantage over women. *Pl.'s Exh. B* at 49. A reasonable person could infer that more women would apply for positions as pressers, unless they were discouraged from doing so by company policy. Furthermore, Wilson's application was rejected, despite her previous experience as a presser, while other individuals were hired who had absolutely no prior experience. Taken as a whole, and considered in the light most favorable to Wilson, the non-moving party, the direct and circumstantial evidence could support a reasonable conclusion that GEI's stated non-discriminatory excuse for not hiring Wilson is mere sham and pretense, and that men, even less qualified ones, were preferred for the position on the basis of gender alone.

### IV. *Conclusions*

For the reasons stated above, the court finds that defendant GEI's motion for summary judgment is due to be denied, and an appropriate order in keeping with these conclusions will be entered.

DONE this 20th day of August, 1998.

                                    /s/ William M. Acker Jr.
                                  WILLIAM M. ACKER, JR.
                                  UNITED STATES DISTRICT JUDGE